UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 16- |
| | : | |
| v. | : | VIOLATION: |
| | : | |
| | : | 18 U.S.C. § 1343 |
| TONIA GARNETT, | : | (Wire Fraud) |
| | : | |
| Defendant. | : | FORFEITURE: |
| | : | |
| | : | 18 U.S.C. §981(a)(1)(C), 28 U.S.C. |
| | : | § 2461(c), 21 U.S.C. § 853(p) |

## INFORMATION

The United States Attorney informs the Court that:

### Introduction

1. Defendant TONIA GARNETT, a resident of Fredericksburg, VA, was the Assistant Director of Human Resources for a non-profit global research organization that spans more than 50 countries, with offices in Brazil, China, Europe, India, Indonesia, and the United States (Non-Profit 1). Their experts and staff work closely with leaders to address global environmental challenges.

2. On or about January 27, 2014, a representative for Non-Profit 1 reported to the Metropolitan Police Department (MPD) that they were the victims of theft by a former employee, Tonia GARNETT, claiming that between December 21, 2012, and January 19, 2014, GARNETT stole $81,063.80 that she received through funds issued by company credit cards.

3. On September 18, 2009, GARNETT was hired as a Recruiter/Human Resources Generalist. Her responsibilities included developing and executing recruiting plans, writing job descriptions, interviewing job applicants, performing background checks on applicants,

1

preparing benefits statements for new hires, and working with external relationship staff on using social and networking sites to identify and source new candidates.

4. On April 1, 2011, GARNETT was promoted to Assistant Director of Human Resources. During the normal course of her duties, GARNETT, was permitted to use her company issued credit card for business related items and travel.

5. Non-Profit 1 learned that charges to PayPal appeared on Non-Profit 1's Bank of America credit card statement. PayPal, formally known as PayPal Holdings, Inc., is an American company operating a worldwide online payments system. Online money transfers serve as electronic alternatives to traditional paper methods like checks and money orders. PayPal is one of the world's largest Internet payment companies. The company operates as an acquirer, performing payment processing for online vendors, auction sites, and other commercial users, for which it charges a fee.

6. The description for the payments to PayPal showed the payments were for a company called ICIMS. "iCims.com" is a vendor that also had a contractual relationship with Non-Profit 1 at the time. A conversation with a representative from iCims.com confirmed that iCims.com did not have a relationship with PayPal and their invoices are not processed through that company. Thus, there was no work-related reason why any charges should appear on Non-Profit 1 company credit card for iCims.com, via PayPal.

7. As a result of a search through the invoices it had in its records, Non-Profit 1 identified nine invoices that were purportedly from ICIMS. The name of the company listed on the invoices was "ICIMS.biz" (as opposed to iCims.com) with a phone number of xxx-xxx-4729. The payee on each of the iCims.biz invoices was "tgarnett@xxx.xxx." A check of the website for iCims.biz showed it to be "under construction."[1]

---

[1] Information identified by the government as personally identifiable information (PII) has been redacted from this paragraph.

2

8. Neither Non-Profit 1's Chief Financial Officer, nor any of Non-Profit 1's officers, had any knowledge or understanding that they were paying both ICIMS.com, with whom they had a working contract, *and* another company called ICIMS.biz, which was created by GARNETT. No Officer had ever been presented with, nor approved any contract for icims.biz, a company started by their own Human Resources employee, GARNETT.

9. At the direction of management investigating the charges, employees called the number listed on the iCims.biz invoice to inquire about the charges. GARNETT answered the phone. After a brief conversation with GARNETT, the employees hung up the phone, never inquiring about ICIMS.biz.

### The Conduct

10. A review of the Bank of America credit card statements provided by Non-Profit 1 revealed that the credit card issued to Garnett was used to make the following $81,063 in payments:

| Payment Date | Payment Amount |
|---|---|
| 12/21/2012 | $2,200.00 |
| 12/27/2012 | $2,500.00 |
| 1/4/2013 | $1,491.00 |
| 1/8/2013 | $975.00 |
| 1/8/2013 | $975.00 |
| 2/2/2013 | $3,300.00 |
| 2/21/2013 | $2,500.00 |
| 3/7/2013 | $3,300.00 |
| 3/23/2013 | $3,300.00 |
| 4/5/2013 | $3,300.00 |
| 4/15/2013 | $3,300.00 |
| 5/11/2013 | $2,750.00 |
| 5/31/2013 | $3,300.00 |
| 6/16/2013 | $2,572.80 |
| 6/30/2013 | $3,300.00 |
| 7/28/2013 | $3,300.00 |
| 8/11/2013 | $2,800.00 |
| 8/19/2013 | $2,800.00 |
| 8/30/2013 | $4,250.00 |
| 9/19/2013 | $3,300.00 |
| 9/27/2013 | $4,250.00 |
| 10/13/2013 | $2,500.00 |

| | |
|---|---|
| 10/23/2013 | $3,300.00 |
| 11/1/2013 | $2,800.00 |
| 11/13/2013 | $3,300.00 |
| 11/21/2013 | $3,300.00 |
| 12/10/2013 | $2,800.00 |
| 12/17/2013 | $3,300.00 |

11.     This iCims.biz PayPal account was connected to a WoodForest National Bank personal account in GARNETT's name, such that when anyone deposited funds into this PayPal account, PayPal would automatically transfer the funds to GARNETT's personal bank account which was set up using Garnett's social security number and date of birth. As a result of the icims.biz charges, GARNETT caused and was responsible for credit card payment authorizations sent by wire from Washington, D.C., to Bank of America in California, authorizing each of the above wire transfers of U.S. currency.

12.     In furtherance of the scheme or artifice, GARNETT used her own personal phone number so that any calls to the icims.biz company would be routed to her. A review of the phone records belonging to xxx-xxx-4729 revealed that the number belonged to GARNETT since September 19, 2010, over two years prior to the first PayPal payment made to iCims.biz.

## COUNT ONE
## (Wire Fraud)

13.     Paragraphs one through twelve are re-alleged and incorporated by reference as if fully set forth herein.

14.     From on or before December 2012, through on or about December 2013, the exact dates being known and unknown to government, in the District of Columbia and elsewhere, the Defendant, Tonia Garnett, did, knowingly and willfully devise a scheme to defraud Non-Profit 1, and to obtain money or property of Non-Profit 1 by materially false and fraudulent pretenses, representations, and promises. On December 17, 2013, in the District of Columbia and elsewhere, for the purpose of executing the aforementioned scheme and artifice and attempting

4

to do so, the Defendant transmitted in interstate commerce a fraudulent credit card payment authorization for $3,300.00, sent by wire from Washington, D.C., to Bank of America in California.

**(Wire Fraud, in violation of Title 18, United States Code, Section 1343)**

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $81,063.80.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the

value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture,** pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United Sates Code, Section 2461(c), and Title 21, United States Code, Section 853(p))

CHANNING PHILLIPS
UNITED STATES ATTORNEY

_____
MERVIN A. BOURNE, JR.
D.C. Bar No. 490175
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C.  20530
(202) 252-6979 (telephone)
Mervin.Bourne@usdoj.gov (email)

6